UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE L. NAJJAR,

    Plaintiff,

v.                                            Case No. 2:21-cv-170-JLB-LLL

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff Denise Najjar appeals the Commissioner of Social Security's ("Commissioner") final decision denying her claim for disability insurance benefits. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 31.) Upon review of the record, the Report and Recommendation, and Ms. Najjar's timely objection (Doc. 32), the Court affirms the Commissioner's decision.

**STANDARD OF REVIEW**

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In this Social Security appeal, the Court must determine whether the administrative law judge's ("ALJ") decision is "supported by substantial evidence

and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. Id. Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence. See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

Ms. Najjar raises one objection to the Magistrate Judge's Report and Recommendation, contending that this Court "should decline to adopt the Magistrate Judge's finding that the ALJ's evaluation of the opinion evidence was supported by substantial evidence." (Doc. 32 at 1.) Upon review, Ms. Najjar's sole objection is unpersuasive.

In evaluating opinion evidence, an ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. § 404.1520c(a), (b). The ALJ should consider the following factors: (1) supportability; (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and

consistency are the most important factors, and the ALJ is required to explain how the factors were considered in reaching his decision.  20 C.F.R. § 404.1520c(b)(2).[1]

Here, the ALJ determined that although Ms. Najjar had severe impairments, including impairments related to her spine, she possessed the residual functional capacity ("RFC") to "lift/carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; occasional operation of foot controls; occasional climbing of ramps or stairs . . . ." (Doc. 17-2 at 19–20.)  In so finding, the ALJ rejected opinions of Dr. Alain Alvarez and Dr. Joseph Kandel that Ms. Najjar had significant functional limitations, finding the opinions inconsistent with each other and with other evidence, including evidence of normal strength, muscle tone, gait, and ability to balance, an adequate range of motion at major and minor joints, and controlled pain.  (Id. at 27.)[2]  The ALJ concluded that, based on the RFC, Ms. Najjar could perform past relevant work as an x-ray technician.  (Id. at 26–27.)  Accordingly, Ms. Najjar's claim for disability insurance benefits was denied.  (Id. at 28.)

---

[1] As noted by the Magistrate Judge, it is immaterial that the ALJ did not expressly use the word "support" in making his relevant findings.  (Doc. 31 at 16 n.5); see, e.g., Cook v. Comm'r of Soc. Sec., No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021), adopted, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

[2] Specifically, Dr. Alvarez opined that Ms. Najjar could occasionally lift up to five pounds, stand, grasp, finger, or reach in all directions, but could never lift more than five pounds, balance, stoop, kneel, crouch, crawl, climb, push, pull, or bend. (Doc. 17-10 at 82.)  Dr. Kandel opined that Ms. Najjar would not be able to do a sedentary job and that, from a "neurology standpoint," she "appears to be at the point of maximum medical improvement" and "merits a 5% cervical and 3% lumbar impairment rating."  (Doc. 17-9 at 170; Doc. 17-10 at 84–85.)

Upon review, the Magistrate Judge did not err in finding the ALJ's RFC determination supported by substantial evidence.  Specifically, Ms. Najjar first objects to the ALJ's finding that the opinions of Dr. Kandel and Dr. Alvarez were "inconsistent with the doctors' recommendations that [Ms. Najjar] engage in regular exercise." (Doc. 32 at 1.)  Ms. Najjar reasons that this determination "fails to establish a logical connection" or "logical bridge" between the recommendation to exercise and the ALJ's conclusion, and that the ALJ could not "use this advice as evidence of non-disability without further explanation." (Id. at 1–2.)  She, however, cites no persuasive authority in support of this proposition.[3]  In all events, the substantial evidence standard is satisfied.

As the Magistrate Judge and ALJ observed, Ms. Najjar was advised by Dr. Kandel and Dr. Alvarez to engage in regular exercise at several of her appointments, which would appear to undermine the physicians' opinions of more severe limitations.  (Doc. 17-9 at 23, 151; Doc. 17-10 at 22, 28, 34, 42); see, e.g., Trujillo v. Comm'r, SSA, 818 F. App'x 835, 845 (10th Cir. 2020) (finding advice to exercise "relevant, at the very least, to the credibility of [the claimant's] allegations of extreme physical limitations"); Romine v. Colvin, 609 F. App'x 880, 887–88 (8th Cir. 2015) ("A lack of functional restrictions on the claimant's activities

---

[3] As the Commissioner observes, the "logical bridge" language used by Ms. Najjar is not found in the relevant regulations and has not been adopted by the Eleventh Circuit.  (Doc. 29 at 9.)  Rather, the language originates in the Seventh Circuit, which has explained that the language "does not alter the applicable substantial-evidence standard." See Brumbaugh v. Saul, 850 F. App'x 973, 977 (7th Cir. 2021); Edwards v. Astrue, No. 3:07-cv-937-J-TEM, 2009 WL 890279, at *6 (M.D. Fla. Mar. 31, 2009).

4

is inconsistent with a disability claim where, as here, the claimant's treating physician is recommending increased physical exercise." (brackets and quotation omitted)); Snedeker v. Comm'r of Soc. Sec., 244 F. App'x 470, 474 (3d Cir. 2007) (finding substantial evidence to support non-disabled determination where claimant's daily activities included exercise).  Further, the ALJ explained why the opinions related to additional limitations were not supported by or consistent with other medical evidence, including findings that Ms. Najjar had "no difficulty feeding herself, no difficulty dressing; no difficulty washing [herself]; no difficulty grooming; . . . no inability to cope with daily activities; no activities of recreation difficult; able to drive." (See Doc. 17-8 at 159, 172, 179, 184; Doc. 17-9 at 102, 146; Doc. 17-10 at 17, 23, 29.)

Similarly, Ms. Najjar next contends that the Magistrate Judge improperly found that Dr. Alvarez's treatment notes were inconsistent regarding her activities of daily living, which purportedly constituted a "post-hoc rationalization." (Doc. 32 at 2–3.)  But instead of a post-hoc rationalization offered by the Magistrate Judge, the ALJ himself noted that the opinions were contrary to findings of the physicians' examinations and were inconsistent with other evidence in the record. (Doc. 17-2 at 26–27.)  For example, as Ms. Najjar acknowledges, the ALJ found the opinions inconsistent with her ability to pick up around the house, go to the store, and socialize. (Id.; see also Doc. 32 at 2–3.)

Finally, Ms. Najjar asserts that the ALJ "mischaracterized medical imaging of [her] spine by cherry-picking imaging results and claiming they were all

5

generally mild-to-moderate in severity." (Doc. 32 at 4.) The Court, however, finds no such mischaracterization. To the contrary, the ALJ cited and evaluated medical evidence supporting his determination that imaging of Ms. Najjar's "capabilities" and spine has "<u>generally</u> been mild to moderate," and that there has been no evidence of "significant nerve root impingement" or compression. (Doc. 17-2 at 19, 21–27 (emphasis added).) And as noted, the ALJ identified evidence reflecting a normal gait and stance. (<u>Id.</u> at 19.)

Ms. Najjar does not clearly explain how the ALJ's purported failure to address a May 2018 imaging indicating "severe left neural foraminal stenosis" and "severe facet arthrosis" renders his decision a "complete mischaracterization of evidence" or unsupported by substantial evidence. (Doc. 32 at 4; Doc. 17-7 at 37.) Indeed, the ALJ did address a "review of a cervical MRI" from May 2018 which indicated "some left C5-6 foraminal stenosis that was moderately severe." (Doc. 17-2 at 21–22.) And in all events, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [this Court] to conclude that the ALJ considered [her] medical condition as a whole." <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotation and some modifications omitted); <u>see also</u> <u>Dolsak v. Comm'r of Soc. Sec.</u>, 724 F. App'x 914, 914 (11th Cir. 2018). As noted, the ALJ's decision was not such a broad rejection.

In summary, the Court agrees with the well-reasoned Report and Recommendation in finding that the ALJ thoroughly analyzed the supportability

and consistency of the opinions of Dr. Alvarez and Dr. Kandel, and that substantial evidence supports the RFC finding and, thus, the ALJ's decision.

## CONCLUSION

After an independent review of the record, it is **ORDERED**:

1. Ms. Najjar's objection to the Magistrate Judge's Report and Recommendation (Doc. 32) is **OVERRULLED**.

2. The Report and Recommendation (Doc. 31) is **ADOPTED** and made part of this Order.

3. The decision of the Commissioner denying disability insurance benefits is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** in Fort Myers, Florida, on August 29, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE